UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELIA LATRELL JOHNSON,

    Plaintiff,

v.                                        Case No.:  6:20-cv-1381-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Angelia Latrell Johnson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on September 27, 2017, alleging disability beginning August 29, 2017. (Tr. 45, 116, 227-34). The applications were denied initially on February 7, 2018, and upon reconsideration on May 18, 2018. (Tr. 116, 117, 144, 145). Plaintiff requested a hearing and on June 25, 2019, a hearing was held before Administrative Law Judge Kathleen Eiler. (Tr. 62-95). On September 17, 2019, the ALJ entered a decision finding Plaintiff not under a disability from August 29, 2017, through the date of the decision. (Tr. 45-56).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on June 5, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on August 3, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 21).

## D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 48). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 29, 2017, the alleged onset date. (Tr. 48). At step two,

the ALJ found that Plaintiff had the following severe impairments: "status post heart attack with coronary bypass procedure; coronary artery disease; angina; diabetes mellitus, type 2; hypertension; and obesity." (Tr. 48). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 48).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a), except she can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs and can occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to temperature extremes, wetness, humidity, and workplace hazards.

(Tr. 49).

The ALJ found Plaintiff unable to perform any past relevant work as a bus monitor, electrical inspector, or home health aide. (Tr. 54). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (46 on the alleged onset date), education (at least high school education), work experience, and RFC, there are jobs that existed in significant numbers in the

national economy that Plaintiff could perform. (Tr. 55). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)   table worker, DOT 729.587-182, sedentary, unskilled, SVP 2

    (2)   cutter/paster, DOT 249.587-014, sedentary, unskilled SVP 2

    (3)   nut sorter, DOT 521.687-086, sedentary unskilled, SVP 2

(Tr. 55-56). The ALJ concluded that Plaintiff had not been under a disability from August 29, 2017, through the date of the decision. (Tr. 56).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ's evaluation of opinion evidence was supported by substantial evidence. (Doc. 23, p. 12). Specifically, Plaintiff argues the ALJ improperly considered opinion evidence of treating cardiologist Amjad Shaikh, M.D., physician's assistant, Christine Kogoy, and primary care physician Ayesha Ahmar, M.D. (Doc. 23, p. 15-21). Upon review and consideration, the Court finds the ALJ erred in assessing these providers' opinions.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ assesses the persuasiveness of a medical source's opinions in light of the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3)

relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

Normally, the Court would discuss each medical provider's opinion separately. In this case, however, the three opinions are chiefly similar and the ALJ combined her reasoning for finding these three opinions unpersuasive. (Tr. 54).[1] The Court will also consider them together.

---

[1] Plaintiff raises an argument that the ALJ failed to provide a "source-level articulation" for each opinion, citing 20 C.F.R. § 404.1520c(b)(1). This regulation allows that when a medical source provides multiple opinions, an ALJ may consider these medical source opinions together and is

Indeed, Dr. Shaikh's October 23, 2018 opinion and PA Kogoy's October 24, 2018 opinion have nearly identical findings. (Tr. 1078-1080, 1082-1084). In both opinions, the providers found Plaintiff unable to sit, stand and walk in an 8-hour day. (Tr. 1078, 1082). Both opinions found Plaintiff able to continuously lift and carry 6-10 pounds. (Tr. 1078, 1082). They also found Plaintiff: could not grasp on the right but could on the left; could not use her right foot for repetitive movements but could use the left foot; could not bend, squat, or crawl but could occasionally climb and reach; and had no restrictions in participating in activities involving unprotected heights, being around moving machinery, exposure to changes in temperature and humidity, driving, and exposure to dust, fumes, and gases. (Tr. 1079, 1083). They further determined that Plaintiff's pain and medications will frequently and significantly impair and/or preclude performance of even simple work tasks. (Tr. 1079, 1083). They likewise found Plaintiff had to lie down for six or more hours during an 8-hour workday to relieve pain arising from a documented medical impairment. (Tr. 1079-80, 1083-84). They additionally found that Plaintiff would have exacerbations of pain symptoms, which would make it impossible for her to function in a work setting, she would miss four or more days of work per month due

---

not required to consider each medical opinion from one source individually. 20 C.F.R. § 404.1520c(b)(1). Here, the ALJ considered different medical source opinions together. The Court does not find that the ALJ's decision is inconsistent with this regulation.

to her impairments, and she was disabled from full-time and part-time competitive employment on a sustained basis. (Tr. 1080, 1084).

Dr. Ayesha Ahmad's opinion is similar with a few differences. Dr. Ahmad found Plaintiff could sit for ½ hour at a time for a total of 2 hours in an 8-hour workday, could not stand and walk at one time, but could stand and walk for a total of ½ hour in an 8-hour workday. (Tr. 1215). She found Plaintiff could occasionally lift 5 pounds, but could not carry up to 5 pounds frequently. (Tr. 1215). Dr. Ahmad agreed with Dr. Shaikh and PA Kogoy as to Plaintiff's manipulative abilities, found Plaintiff unable to bend, squat, crawl, climb, or reach, and found no restrictions on activities involving unprotected heights, being around moving machinery, and exposure to marked changes in temperature but found mild restrictions in driving and exposure to dust, fumes, and gasses. (Tr. 1216). Dr. Ahmad agreed that Plaintiff's pain medication would frequently and significantly impair and/or preclude performance of even simple work tasks, and that Plaintiff needed to lie down six or more hours during an 8-hour workday to relieve pain and due to fatigue. (Tr. 1216-17). Dr. Ahmad also agrees that Plaintiff's would experience exacerbations of the pain symptoms that would make it impossible for Plaintiff to function in a work setting and that she will miss four or more days of work per month due to her impairments. (Tr. 1217). Finally, Dr. Ahmad found Plaintiff was disabled from full-time competitive employment. (Tr. 1217).

After summarizing these three opinions, the ALJ found them unpersuasive. She determined:

> These enumerated opinions are unpersuasive as they contain extreme limitations not consistent with the objective medical evidence. While the environmental restrictions, such as limitations from hazards and extreme temperatures, are generally consistent and supported by the objective evidence of her cardiac conditions, diabetes, and obesity, the severe restrictions on standing and walking and allowances for lying down and absenteeism are clearly contraindicated (i.e., inconsistent with and unsupported) by the objective evidence, which shows a good recovery from the initial cardiac event and surgery with an improving ejection fraction, no venous problems in her bilateral lower extremities, generally normal gait, no sensory deficits, and a stable condition, which were documented by these same providers.

(Tr. 54).

Essentially, the ALJ found Drs. Shaikh and Ahmad and PA Kogoy's severe restrictions as to sitting, standing, and walking, allowances for lying down, and excessive absences inconsistent and unsupported by the objective medical evidence. (Tr. 54). In support, the ALJ refers to a good recovery from the initial cardiac event and surgery, improving ejection fraction, no venous problems in her lower extremities, a generally normal gait, no sensory deficit, and a stable condition, which the ALJ claims is documented by these providers. (Tr. 54).

While Plaintiff appears to have made a good recovery from her initial cardiac event, had an improved ejection fraction, had no venous problems, had a generally normal gait, had no sensory deficits, and had a stable *cardiac* condition, other

symptoms such as severe leg pain and dyspnea or shortness of breath support these providers' limitations. In January 2018, Plaintiff reported moderate, daily dyspnea in the chest to Dr. Shaikh. (Tr. 1025, 1056). In June 2018, Plaintiff saw Dr. Shaikh complaining of mild dyspnea in the chest aggravated by activity and associated with fatigue. (Tr. 1198). In his discussion notes, Dr. Shaikh noted the shortness of breath and leg pain, and recommended continuing Plaintiff on her medications. (Tr. 1199). In October 2018, Plaintiff presented to PA Kogoy with leg pain. (Tr. 1098). She walked at all times with the support of a cane, complained of right leg pain, needed assistance with all activities of daily living, and had a hard time walking, getting dressed, and showering. (Tr. 1098). She also complained of shortness of breath with even minimal exertion. (Tr. 1098). Plaintiff was assessed with chronic right leg pain such that she was to continue to use a cane or wheelchair, and had unspecified abnormalities of gait and mobility. (Tr. 1098). In that same month, Plaintiff saw Dr. Wasim Ahmad, a cardiologist, with right thigh pain, and reported having a hard time walking, had shortness of breath with minimal activity, needed assistance to get dressed and shower, and was unable to perform daily tasks at home without assistance. (Tr. 1177). In April 2019, Dr. Shaikh assessed Plaintiff with severe leg pain. (Tr. 1158). The Court finds treatment records from these providers do support their opinions.

Additionally, the opinions from these providers are basically consistent with each other. These three providers found Plaintiff extremely limited in sitting, standing, and walking, needed to lie down, and would have excessive absences based on her limitations. Not only were these providers opinions consistent with each other, but they were also generally consistent with a neurologist's Medical Opinion of Neurologist Re: Ability to Do Work-Related Activities (Physical).[2] The neurologist found in relevant part Plaintiff could: stand and walk less than 2 hours in an 8-hour workday; sit about 4 hours in an 8-hour workday; sit 20 minutes before having to change positions; stand for 5 minutes before having to change positions; walk around every 5 minutes for 10 minutes; never twist stoop/bend, crouch, or climb ladders; and occasionally climb stairs. (Tr. 1224-26). This provider also found Plaintiff would need to change positions at will between sitting, standing, or walking; and would need to lie down very frequently at unpredictable intervals. (Tr. 1225). The neurologist explained that Plaintiff would need to change positions due to her severe pain in the right groin, she had difficulty walking due to the severe groin pain, and she needed a walker to walk. (Tr. 1225-26). The neurologist also found that she would be absent from work more than three times per month. (Tr. 1226). This opinion as to limitations for sitting, standing, walking, lying down, and

---

[2] The signature on the form is illegible.

absences is generally consistent with the opinions of providers Shaikh, Ahmad, and Kogoy.

Further, Drs. Shaikh and Ahmad and PA Kogoy have a lengthy treating relationships with Plaintiff regarding her cardiac and other ailments, and Dr. Shaikh is a specialist in cardiology. All of these factors support finding these providers' opinions persuasive.

The Court recognizes that even if the evidence preponderates against the ALJ's findings, it must affirm. The Court also recognizes that it cannot reweigh the evidence in this case or substitute its judgment for that of the ALJ, and it has not done so here. When taking the evidence as a whole both favorable and unfavorable to the decision, substantial evidence does not support the ALJ's finding that the opinions of Drs. Shaikh and Ahmad, and PA Kogoy are unpersuasive. On remand, the ALJ will reconsider these opinions in light of the record as a whole.

### III.  Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical opinions of Dr. Shaikh, Dr. Ahmad, and PA Kogoy as well as the other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2021.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties